18-1282-ag
*Sec'y of Labor v. N.E. Precast LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand nineteen.

PRESENT:  RALPH K. WINTER,
          JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges.*

---

R. ALEXANDER ACOSTA, SECRETARY OF LABOR,

        *Petitioner*,                       18-1282-ag

        v.

NORTH EASTERN PRECAST LLC, MASONRY
SERVICES, INC. DBA MSI,

        *Respondents*.

---

**FOR PETITIONER:**                       SCOTT GLABMAN, Senior Appellate Attorney, Heather R. Phillips, Counsel for Appellate Litigation, and Edmund C. Baird, Acting Associate Solicitor for

1

Occupational Safety and Health, United States Department of Labor, *for* Kate S. O'Scannlain, Solicitor of Labor, Washington, D.C.

FOR RESPONDENTS:                           JONATHAN W. GREENBAUM, Coburn & Greenbaum, PLLC, Washington, D.C.

Petition for review of an order of the Occupational Safety and Health Review Commission.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED**.

The Secretary of Labor (the "Secretary") seeks review of a February 28, 2018 decision of the Occupational Safety and Health Review Commission (the "Commission"). *See N.E. Precast, LLC*, 26 BNA OSHC 2275, 2018 WL 1309480 (Nos. 13-1169 & 13-1170, Feb. 28, 2018). On appeal, the Secretary takes issue with the Commission's conclusion that two of the regulatory violations for which the Secretary cited Respondents North Eastern Precast LLC and Masonry Services, Inc. dba MSI are dupliicative. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We will uphold the Commission's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Under this standard, we review the Commission's legal conclusions *de novo*, deferring as appropriate to the Secretary's reasonable interpretation of the [Occupational Safety and Health] Act. We must uphold the Commission's findings of fact if they are supported by substantial evidence." *Solis v. Loretto-Oswego Residential Health Care Facility*, 692 F.3d 65, 73 (2d Cir. 2012) (citation omitted).

The Secretary first contends that the Commission lacks the authority to vacate proven regulatory violations as duplicative absent a showing that penalizing an employer for both violations would violate its due process rights. To determine whether an employer has made such a showing, the Secretary contends, the Commission must engage in "a fact-intensive inquiry . . . based on multiple factors." Secretary Br. 16. In the Secretary's view, the Commission exceeded its authority by emphasizing one factor—that "both violations could be abated by the same . . . method," J.A. 110—in lieu of the multi-factor approach the Secretary favors.

As an initial matter, the Secretary does not appear to question that the Commission has authority to review violations to determine whether they are duplicative, nor that it can vacate those violations that it determines are duplicative. Indeed, such views would likely come as a surprise to the Commission, which has been analyzing violations for duplicativeness and vacating duplicative violations—apparently without incident or complaint from the Secretary—since the mid-1970's. *See*

J.A. 135–42 (Appendix A to Dissent of Commissioner Cynthia L. Attwood) (listing cases). The Secretary has provided no reason, and we see none, to conclude that the Commission's general practice in this respect exceeds its statutory authority.

Insofar as the Secretary contends that the Commission lacked authority to employ a specific analytical framework—the single-abatement standard—we reject his position. As Commissioner Attwood observed in her dissent, the Commission's precedent in this area is "confusing and conflicting." *Id.* at 117; *see also id.* at 118–19 & n.10 (describing four different approaches the Commission has applied to determine whether violations are duplicative). In our view, certain of the Commission's past decisions support its focus in this case on whether the same abatement—and only that abatement—could have remedied both regulatory deficiencies. *See id.* at 135–41 (listing Commission decisions, some of which apply the single-abatement standard). This is not to say that we approve the single-abatement standard to the exclusion of the other frameworks Commissioner Attwood identified in her dissent. But we cannot conclude that the Commission exceeded its authority by choosing to apply this approach here.

The Secretary's final line of attack fares little better. He contends that the Commission's decision is "arbitrary and capricious" because the Commission departed from its prior precedent concerning whether two regulatory violations are duplicative. The Secretary is of course correct that "[a]n agency . . . acts in an arbitrary and capricious manner if [it] departs from its own precedent without a reasoned explanation." *New York & Atl. Ry. Co. v. Surface Transp. Bd.*, 635 F.3d 66, 71 (2d Cir. 2011) (internal quotation marks omitted); *see also, e.g.*, *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) ("An agency may not . . . depart from a prior policy *sub silentio* or simply disregard rules that are still on the books."). As we noted above, however, the Commission has applied several different standards in determining whether violations are duplicative.[1] And the Secretary points to no authority suggesting that the decision to apply certain aspects of muddled and inconsistent jurisprudence can be described as an "arbitrary and capricious" departure from settled precedent.

We have reviewed all of the arguments raised by the Secretary on appeal and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We disagree with the Secretary's suggestion that the Commission clearly rejected the same abatement standard in *H.H. Hall Constr. Co.*, 10 BNA OSHC 1042 (No. 76-4765, 1981). As the table of decisions attached to Commissioner Attwood's dissent shows, the Commission has continued to apply this standard even after *Hall*. *See* J.A. 135–41 (listing cases).

3